UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| BRENDA JOHNSON, | CASE NO. 3:16-cv-05727-RJB |
| Plaintiff, | ORDER |
| v. | |
| CITY OF LAKEWOOD, et al., | |
| Defendants. | |

PENDING BEFORE THE COURT are three motions filed by Plaintiff: (1) Motion to Appoint Counsel (Dkt. 17), Motion for Reconsideration (Dkt. 27), and Emergency Motion for Temporary Restraining Order and Preliminary Injunction (Dkt. 29). The Court has considered the motions, and the remainder of the file herein. All three motions should be denied.

**(1) Motion to Appoint Counsel.**

Plaintiff's motion indicates that: the Court previously granted her leave to proceed *in forma pauperis*; Plaintiff lacks financial means to hire an attorney; and no other agency (Human Rights Commission, Equal Employment Opportunity Commission, etc.) has found reasonable cause to believe that the allegations in the complaint are true. Dkt. 17.

ORDER- 1

1   The Court may request an attorney to represent any person unable to afford counsel, but
2 exercises this discretion in exceptional circumstances. *Franklin v. Murphy*, 745 F.2d 1221, 1236
3 (9th Cir. 1984); 28 U.S.C. § 1915(e)(1). To find exceptional circumstances, the Court must
4 evaluate the likelihood of success on the merits and the ability of the petitioner to articulate the
5 claims *pro se* in light of the complexity of the legal issues involved. *Weygandt v. Look*, 718 F.2d
6 952, 954 (9th Cir. 1983).
7   Based on its review of the Amended Complaint (Dkt. 4), Plaintiff has not made a
8 showing of exceptional circumstances, because she has not shown a likelihood of success on the
9 merits. The motion to appoint counsel should be denied.
10  **(2) Motion for Reconsideration.**
11  Without further comprehensible detail, Plaintiff's Motion for Reconsideration notes her
12 objection to the Court's prior order. Dkt. 27. For the Court to reconsider its prior order, LCR 7(h)
13 requires parties to show a "manifest error . . . [or] new facts or legal authority which could not
14 have been brought to [the court's] attention earlier with reasonable diligence." Plaintiff has not
15 made this showing. The motion for reconsideration should be denied.
16  **(3) Emergency Motion for Temporary Restraining Order and Preliminary
17      Injunction.**
18  Plaintiff's motion at length discusses Plaintiff's grievances with employees of Nativity
19 House, a women's shelter that has allegedly harmed Plaintiff, by, among other things, removing
20 Plaintiff from the premises, seizing Plaintiff's belongings, invading Plaintiff's privacy, and
21 defaming Plaintiff's character. *See generally*, Dkt. 29.
22  This motion, like Plaintiff's prior Emergency Motion (Dkt. 16), does not relate to the
23 underlying cause of action alleged in the Amended Complaint (Dkt. 4), which centers on
24

allegations that the City of Lakewood violated Plaintiff's constitutional rights for an unlawful arrest. Furthermore, Nativity House and its employees are not parties to the case, nor has the Court granted a request by Plaintiff for leave to amend the complaint to add them as parties. The motion should be denied.

Plaintiff is reminded that this cause of action is not a platform for Plaintiff to air unrelated grievances she may have with others.

*

Plaintiff is also reminded that the December 15, 2016 deadline for the Joint Status Report has elapsed.

* * *

Therefore, it is HEREBY ORDERED that Plaintiff's Motion to Appoint Counsel (Dkt. 17), Motion for Reconsideration (Dkt. 27), and Emergency Motion for Temporary Restraining Order and Preliminary Injunction (Dkt. 29) are DENIED.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 20th day of December, 2016.

*/s/ Robert J. Bryan*
ROBERT J. BRYAN
United States District Judge