UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| BRENDA JOHNSON,<br><br>            Plaintiff,<br><br>   v.<br><br>CITY OF LAKEWOOD and J. MILLS,<br><br>            Defendants. | CASE NO. 3:16-cv-05727-RJB<br><br>ORDER |

BEFORE THE COURT are Defendant City of Lakewood's Motion to Dismiss Pursuant to FRCP 12(b)(6) (Dkt. 22) and three motions filed by Plaintiff: LCR 7 Cross Motion (k) and (l) Withdrawing and Renoting Pending Motions (Dkt. 37), Motion for Default (Dkt. 38), and Motion for Default Judgment (Dkt. 39). The Court has considered the motions and the remainder of the file herein.

A. <u>Defendant City of Lakewood's Motion to Dismiss Pursuant to FRCP 12(b)(6).</u>

**1. The Amended Complaint.**

The Amended Complaint (Dkt. 4) alleges wrongful arrest and imprisonment on July 13, 2016, where Plaintiff was arrested with "a DOL Plate [*sic*] as the cause for the arrest," but

ORDER- 1

"Plaintiff was not driving[.]" Dkt. 4 at ¶¶4. "Defendant came out on a call for tenant lock out for Plaintiff," and "Defendant drove Plaintiff to a residence. " *Id*. at ¶¶5, 6. Once at the residence, Plaintiff's daughter, Brittany, told Officer J. Mills that Plaintiff was "the ex-wife" of another officer, which resulted in Officer J. Mills placing Plaintiff under arrest. *Id*. at ¶8.

The Amended Complaint cites twice to a "case# 161330105." Dkt. 4 at ¶¶2, 14. The Amended Complaint alleges claims "against (J. Mills badge #564) [*sic*] and the City of Lakewood." *Id*. at 1.

**2. Incident report cause #161330105.**

Counsel for Defendant City of Lakewood has attached to its motion a true and correct copy of an incident report, cause #161330105, the report twice-cited in the Amended Complaint. The incident report narrates an incident where an officer J. Mills of University Place Police Department placed Plaintiff under arrest. Dkt. 22-1 at 3-10. According to the incident report, "[Plaintiff] Brenda said tonight Brittany locked her out and wouldn't let her in . . . We went to the apartment and talked with Brittany . . . Brittany was upset, but grudgingly let Brenda back into the house." Dkt. 22-1 at 7. Next, according to the incident report, while in the parking lot, Officer J. Mills and another officer "could hear two yelling within the apartment" and heard "movement and bumping around." *Id*. The narrative concludes with Officer J. Mills placing Plaintiff under arrest for "Assault 4 DV," based on statements given by Brittany and another witness inside the house. *Id*.

**3. Standard for Motion to Dismiss under Fed. R. Civ. P. 12(b)(6).**

Fed. R. Civ. P. 12(b) motions to dismiss may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990). Material allegations are taken

as admitted and the complaint is construed in the plaintiff's favor. *Keniston v. Roberts*, 717 F.2d 1295 (9th Cir. 1983). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007)(internal citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. at 1965. Plaintiffs must allege "enough facts to state a claim to relief that is plausible on its face." *Id*. at 1974.

Under the "incorporation by reference" rule within the Ninth Circuit, courts "may look beyond the pleadings" to documents referenced extensively in the complaint and accepted as authentic without converting a Rule 12(b)(6) motion into one for summary judgment. *Van Buskirk v. Cable News Network, Inc*., 284 F.3d 977, 981 (9th Cir. 2002).

**4. Discussion.**

Because the Amended Complaint twice references an incident report number and refers to overlapping facts within that police report, the Court has considered the incident report and the Amended Complaint.

As to Defendant City of Lakewood, Plaintiff has failed to state a claim because, put simply, she has alleged a claim against the wrong defendant. It is beyond dispute that the incident that gives rise to Plaintiff's unlawful arrest and imprisonment allegations stems from Plaintiff's interaction with Officer J. Mills (#564), who is not an employee of the City of Lakewood, but rather, is Police Deputy for the University Place Police Department. Dkt. 22-1 at 12. Therefore, Plaintiff does not state a claim against Defendant City of Lakewood.

1  Defendant City of Lakewood's motion to dismiss should be granted, and Defendant City
2  of Lakewood should be dismissed with prejudice.

3  B.  Plaintiff's motions.

4  **1. LCR 7 Cross Motion (k) and (l) Withdrawing and Renoting Pending Motions.**

5  It is unclear what relief Plaintiff requests in this motion. *See* Dkt. 37. For example, at the
6  time that Plaintiff filed the motion, there were no pending motions, yet the caption requests
7  "withdrawing and renoting pending motions." It appears that Plaintiff takes issue with the
8  Court's *sua sponte* Order (Dkt. 28), which struck the Second Amended Complaint and Third
9  Amended Complaint, which were not filed within 21 days of service, with opposing parties'
10 consent, or with leave of the court. It appears that Plaintiff may be asking for leave to amend to
11 add Nativity House as a named defendant. *See* Dkt. 37 at 2-4. Giving Plaintiff leave to amend the
12 complaint to add Nativity House is not appropriate, because Plaintiff has not filed a copy of the
13 proposed amended complaint. *See* W.D.Wash. Local Court Rule 15. Without the proposed
14 amended complaint (and required demarcations), the Court cannot determine whether leave to
15 amend is appropriate. Especially, given Plaintiff's prior attempts to add Nativity House as a
16 defendant in an inappropriate manner, leave to amend is not warranted at this time.

17  Plaintiff's motion should be denied without prejudice.

18  **2. Motion for Default and Motion for Default Judgment**

19  Plaintiff seeks default and default judgment against Catholic Community Services of
20 Western Washington. Dkts. 38, 39. Both motions should be denied, because Catholic
21 Community Services is not a party to the case. *See* Dkt. 28. *See also*, Dkt. 36.

22  C.  Show cause as to Officer J.Mills.

ORDER- 4

The only named defendants in the case are the City of Lakewood and Officer J. Mills. Dkt. 4. Because the City of Lakewood is dismissed from the case, Officer J. Mills is the only remaining named defendant.

Although Plaintiff may represent that she has served Officer J. Mills, he or she is not employed by the City of Lakewood, so serving that municipality with a summons and copy of the complaint is insufficient. Also insufficient is service of process via electronic means, including through CM/ECF. *See* Dkt. 5 (Plaintiff declaring that she has electronically served via the CM/ECF system "all participants" in the case except Assistant Attorney General Zebular Madison not sufficient service of process). As to Officer J. Mills, Plaintiff has not effectuated service of process within the 90 days required by Fed. R. Civ. P. 4(m).

Nonetheless, the Court in its discretion should extend the service of process deadline to **February 6, 2017**. To avoid dismissal, by that date, Plaintiff should:

(1) Properly serve Officer J. Mills of the University Place Police Department with a copy of the summons and Amended Complaint (Dkt. 4); and

(2) File proof of service with the Court, demonstrating Plaintiff's compliance with Fed. R. Civ. P. 4. Plaintiff should not herself effectuate service of process. *See* Fed. R. Civ. P. 4(c)(1)(2).

D. <u>Show cause as to Joint Status Report.</u>

Under the terms of the Order Regarding Initial Disclosures and Joint Status Report (Dkt. 10), a Joint Status Report was due December 15, 2016. Dkt. 10. On December 20, 2016, the Court reminded Plaintiff that no Joint Status Report had been filed. Dkt. 31 at 3. To date, no Joint Status Report has been filed.

The case will be dismissed for failure to prosecute unless Plaintiff files a Joint Status Report on or before **February 6, 2017**.

## CONCLUSION

THEREFORE, it is HEREBY ORDERED:

Defendant City of Lakewood's Motion to Dismiss Pursuant to FRCP 12(b)(6) (Dkt. 22) is GRANTED. Defendant City of Lakewood is DISMISSED from the case.

Plaintiff's LCR 7 Cross Motion (k) and (l) Withdrawing and Renoting Pending Motions (Dkt. 37), Motion for Default (Dkt. 38), and Motion for Default Judgment (Dkt. 39) are HEREBY DENIED.

Plaintiff is FURTHER ORDERED, by **February 6, 2017**, to (1) properly serve Officer J. Mills of the University Place Police Department a copy of the summons and Amended Complaint (Dkt. 4); (2) file proof of service with the Court, demonstrating compliance with Fed. R. Civ. P. 4; and (3) file the Joint Status Report.

IT IS SO ORDERED.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 10th day of January, 2017.

ROBERT J. BRYAN
United States District Judge