UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| BRENDA JOHNSON,<br><br>        Plaintiff,<br><br>       v.<br><br>CITY OF LAKEWOOD and J. MILLS,<br><br>        Defendants. | 3:16-CV-05727-RJB<br><br>ORDER DISMISSING CASE |

    THIS ORDER is issued *sua sponte* by the Court following its review of the file and the issuance of its January 10, 2017 Order. Dkt. 41.

    (1) <u>Filing of Joint Status Report.</u>

    On January 10, 2017, the Court ordered Plaintiff to file a Joint Status Report by February 6, 2017. Dkt. 41 at 5, 6. The Joint Status Report was initially due December 15, 2016. Dkt. 10. The Court reminded Plaintiff of the initial deadline, with no response from Plaintiff. Dkt. 31 at 3. The January 10, 2017 Order stated that "[t]he case will be dismissed for failure to prosecute unless Plaintiff files a Joint Status Report on or before February 6, 2017." Dkt. 41 at 6.

On January 30, 2017, Plaintiff filed a document entitled, "Objections," (Dkt. 42) which makes no direct reference to the January 10, 2017 Order. Plaintiff "Objections" filing does, however, make one reference to the Joint Status Report:

> "Plaintiff nor Defendant submitted a joint status report because we didn't agree with stipulations. It would be bias and prejudicial due to the Defendant City of Lakewood Motion to Dismiss was not agreed upon by any of the parties in a stipulated order. The other parties didn't show up for Summons.[*sic*]"

Dkt. 42. At 2.

Based on the January 10, 2017, Plaintiff's failure to file a Joint Status Report would be a sufficient reason to dismiss the case. Nonetheless, it appears that Plaintiff made some effort to file a Joint Status Report. It is not clear why Plaintiff contacted Defendant City of Lakewood, which has been dismissed from the case. Dkt. 41 at 6. Plaintiff's "Objections" filing mentions that "the other parties didn't show up for Summons," which could include Defendant J. Mills, the sole remaining named defendant. However, as discussed below, Defendant J. Mills has not been properly served, which could explain why Defendant J. Mills did not engage with Plaintiff.

The Court was explicit in its January 10, 2017 Order that Plaintiff must file a Joint Status Report or face dismissal. Plaintiff did not file a Joint Status Report, so dismissal for failure to prosecute would be proper. The Court need not dismiss the case for failure to prosecute, however, because the case should be dismissed for defective service of process as to Defendant J. Mills, who is the sole remaining defendant. *See below*.

(2) Service of Process of J. Mills.

The January 10, 2017 Order stated:

> To avoid dismissal, by that date [of February 6, 2017], Plaintiff should:
> (1) Properly serve Officer J. Mills of the University Place Police Department with a copy of the summons and Amended Complaint (Dkt. 4); and

1         (2) File proof of service with the Court, demonstrating compliance with Fed. R. Civ. P. 4. **Plaintiff should not herself effectuate service of process**.
2         *See* Fed. R. Civ. P. 4(c)(1)(2).

3 Dkt. 41 at 5 (emphasis added). The Court based its January 10, 2017 Order in part on Defendant

4 City of Lakewood attorney's declaration, which attached two exhibits: (1) a police report written

5 by "Joshua Mills" of "University Place Police" written about Plaintiff, and (2) a "true and correct

6 copy of Officer Joshua Mills' business card, given to Plaintiff on the date of her arrest" that

7 Plaintiff *herself* emailed to Defendant City of Lakewood's attorney. Dkt. 22-1 at ¶¶2, 3.

8        Following the January 10, 2017 Order, on January 30, 2017 Plaintiff filed a document

9 entitled, "Certificate of Service." Dkt. 44. The document, signed by Plaintiff, states in totality the

10 following:

11        I hereby certify that on January 26, 2017 I electronically filed the foregoing with
12        the Clerk of the Court using the CM/ECF system which will send notification of
           such filing to the following:
13
               Objection to court order, Amendment to Complaint for City of University
14             Place and Joshua Mills
       And I hereby certify that I have mailed by United States Postal Service the
15        document to the following non CM/ECF participants:
16             Assistant Attorney General Zebular James Madison; 1250 Pacific Ave.
17             Ste. 105 Tacoma, WA
            Joint status report, Amendment to complaint for city of University Place
18             and Joshua Mills.
19             and Attorney George Mix 1420 Fith Ave. #2200 Seattle, WA 98101

20 Dkt. 44. Plaintiff filed a second document entitled, "Certificate of Service," which is identical in

21 substance, except that (1) it lists "January 31, 2017 and 2/7/2017" as the date of electronic filing,

22 and (2) the phrase "Amendment to complaint" is crossed out and replaced by "(2-7-2017

23 Summons)." Dkt. 41 at 1.

24

ORDER DISMISSING CASE- 3

1  Proper service of process "is not some mindless technicality," but rather "[t]he
2 requirement stems from the Due Process Clause of the Fifth Amendment, which requires that
3 defendants receive adequate notice of proceedings against them." *Williams v. GEICO Corp.*, 792
4 F.Supp.2d 58, 64 (D.D.C. 2011)(internal citations omitted). Fed. R. Civ. P. 4(c) specifies that
5 "[a] summons must be served with a copy of the complaint . . . [by] any person who is at least 18
6 years old and not a party[.]"  Service of process may be made by: delivering a copies of the
7 summons and complaint to the individual personally, leaving copies at the individual's "usual
8 place of abode with someone of suitable age and discretion who resides there," or delivering
9 copies to "an agent authorized . . . to receive service of process." Fed. R. Civ. P. (4)(e). The time
10 limit for service, unless there is a showing of good cause, is 90 days. Fed. R. Civ. P. 4(m).
11 Electronic service of process is allowable in this district where the individual is a registered
12 EM/ECF participant. Local Civil Rule (LCR) 5(b).

13  Applying the rules here, there has not been a sufficient showing that Defendant J. Mills
14 was personally served. Plaintiff represents that she electronically filed documents "which will
15 send notification" to Defendant J. Mills, but there is no showing that Defendant J. Mills is a
16 registered EM/ECF participant, so LCR 5(b), which allows for electronic service of process, does
17 not apply. Plaintiff represents that she "mailed by United States Postal Service" documents to
18 Defendant J. Mills, but service via post mail is not one of the enumerated options permissible
19 under Fed. R. Civ. P. 4(e). The Court explicitly directed Plaintiff to "[f]ile proof of service . . .
20 demonstrating compliance with Fed. R. Civ. P. 4" and expressly warned Plaintiff to "not herself
21 effectuate service of Process." Dkt. 41 at 3. Plaintiff did not comply with the Order in either
22 respect. The Order extended the deadline for service of process to February 6, 2017, a date more
23 than 160 days after Plaintiff filed the Amended Complaint (Dkt. 4). Even with extra time and
24

warning, Plaintiff has not properly served Defendant J. Mills. The case should be dismissed as to Defendant J. Mills.

Because the case should be dismissed against Defendant J. Mills and there are no other remaining defendants (*see* Dkt. 41 at 1, 2 6), the case should be dismissed.

* * *

IT IS HEREBY ORDERED that Defendant J. Mills is DISMISSED from the case.

There being no other named defendants remaining in the case, the case is HEREBY DISMISSED.

IT IS SO ORDERED.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 8th day of February, 2017.

*[signature]*

ROBERT J. BRYAN
United States District Judge